202

## BROWN v. JACOBS et al.

Circuit Court of Appeals, Fourth Circuit.
November 13, 1928.

No. 2726.

Isaac L. Straus, of Baltimore, Md. (J. Morfit Mullen, of Baltimore, Md., on the brief), for appellant.

S. A. Williams, of Belair, Md. (Thomas H. Robinson, of Baltimore, Md., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and McCLINTIC, District Judge.

PER CURIAM. This is an appeal from an order of the District Judge, disallowing a claim for personal services filed by the president of a bankrupt corporation against the bankrupt estate. Claimant, prior to the organization of the corporation, was the owner of a canning business in the state of Maryland which owed debts to a considerable amount. He saved the business by incorporating it and securing a loan for the corporation, transferring to the lender a large block of the stock in addition to executing a note for the amount of the loan. A by-law of the corporation thus organized provided that no officer or director, manager or superintendent, should be entitled to any salary for performance of duties imposed on him unless by unanimous vote of the board of directors. Claimant was elected president of the corporation but performed also the duties of general manager. There was no vote of the directors authorizing any salary to be paid to him and none was paid or credited to him on the books of the company. The corporation was adjudged bankrupt after it had operated for not quite three years, and claimant filed claim for services in the sum of $16,500, which was at the rate of $6,000 per year. It appears that claimant in November, 1923, at the end of the first season's business asked Fahey, the creditor who had advanced the money and obtained the stock in the corporation, if he did not think that claimant ought to have $1,000 as compensation for services rendered. Fahey refused to consider paying claimant anything until all of the creditors of the corporation were paid off, and told him if he was not satisfied he had better stop there and then. Claimant did not stop, but proceeded without further claim for services. Two years later the same creditor borrowed money for the corporation upon a statement of the corporate liabilities prepared by the bookkeeper at the direction of claimant, and at this time nothing was said as to any liability of the corporation to claimant on account of services.

Without going into the distinctions made by the Maryland decisions as to the right of an officer of a corporation to recover on a quantum meruit for services rendered to and accepted by the corporation outside of the duties of the office to which he is elected, it is perfectly clear that claimant is not entitled to prove his claim for services in this case. The implied promise to pay the reasonable value for services rendered does not arise where, as here, there is express provision that there is to be no compensation. Furthermore, in view of all of the circumstances disclosed by the evidence, we think that plaintiff is estopped to assert a claim for services. For 33 months while the corporation was a going concern he was paid nothing and made no charge for services rendered and credited himself with nothing on account of services on its books. He made no claim

that the corporation was indebted to him for services when it borrowed money upon financial statements which did not disclose any liability to him; and, if Fahey, the principal creditor and stockholder, is to be believed, he continued to render the services for which compensation is asked after Fahey had notified him that he was not to have compensation until the creditors were paid in full and that if he insisted upon it he (Fahey) would go no further with him. These circumstances, coupled with the fact that he was an officer and one of the organizers of the corporation whose by-laws provided that no officer was to be paid for services except upon a unanimous vote of the directors, which he did not obtain, make it most inequitable that, after the corporation has become insolvent, he should be allowed to participate in the distribution of assets on the basis of such a claim. "If a man is silent when it is his duty to speak, he shall not be permitted to speak when it is his duty to be silent."

The order of the District Court refusing to allow the claim is correct, and same is accordingly affirmed.